IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| DAVID CHARLES JENKINS | § | |
| VS. | § | CIVIL ACTION NO. 1:04cv57 |
| UNITED STATES OF AMERICA | § | |

MEMORANDUM AND ORDER RE OBJECTIONS TO
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The court referred this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 to the Honorable Earl S. Hines, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court.

David Charles Jenkins, a federal prisoner proceeding *pro se*, attacks his conviction and sentence for conspiracy to possess with intent to distribute cocaine base and marijuana on multiple grounds. The principal and first ground was that his conditional guilty plea was invalid because it was unknowing and involuntary. The magistrate judge examined this ground, and concluded that the record affirmatively demonstrates that Jenkins's plea pursuant to a written plea bargain agreement was free, voluntary, knowing and supported by an independent basis in fact establishing each element of the offense. Therefore, the invalid-guilty-plea issue lacked merit. The magistrate judge further concluded that none of the other grounds asserted affected validity of the plea, and thus did not require analysis by the court. Accordingly, the magistrate judge recommended that the court deny the motion.

Jenkins objects to the magistrate judge's findings and conclusions regarding the validity of his guilty plea. He further objects to the magistrate judge's failure to specifically address the other grounds asserted in the motion. These objections require *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

After reviewing the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings and all available evidence, and after carefully considering the movant's objections, the court first concludes that movant's objections to the magistrate judge's analysis of the invalid-guilty-plea ground are without merit. As the magistrate judge noted, "[a] voluntary guilty plea waives all nonjurisdictional defects in the proceedings against the defendant. This includes claims of ineffective assistance of counsel except insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary." *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000).

The court agrees with movant, however, that the magistrate judge should have specifically addressed at least one of the remaining grounds asserted in support of the motion. Liberally construed, movant's assertion that his attorney had a conflict of interest could relate to the voluntariness and validity of his guilty plea. It is incumbent on the court, therefore, to examine this additional issue.

## Conflict of Interest

Jenkins argues that his trial counsel had a conflict of interest because counsel represented both movant and codefendant Shamika Vaughns. A conflict of interest exists "when defense counsel is compelled to compromise his or her loyalty or zealous advocacy to the accused by choosing between or blending the divergent or competing interests of a former or current client." *Perillo* v. *Johnson,* 205 F.3d 775, 781 (5th Cir. 2000).

Assuming *arguendo* that a conflict of interest existed, Jenkins's point does not warrant relief because he validly waived any conflict. When, as here, a defendant chooses to proceed with representation by counsel who has a conflict of interest, a district court must conduct a "*Garcia* hearing" to ensure a valid waiver by the defendant of his sixth amendment right. *See United States v. Garcia*, 517 F.2d 272, 278 (5th Cir. 1975), abrogated on other grounds by *Flanagan v. United States*, 465 U.S. 259, 263 & n.2, 104 S.Ct. 1051, 79 L.Ed.2d 288 (1984). During such hearing, the

district court must "ensure that the defendant (1) is aware that a conflict of interest exists; (2) realizes the potential hazards to his defense by continuing with such counsel under the onus of a conflict; and (3) is aware of his right to obtain other counsel." *United States v. Greig*, 967 F.2d 1018, 1022 (5thCir. 1992).

In this case, a *Garcia* hearing was conducted on April 5, 2001. During the hearing, the magistrate judge directly addressed movant and Ms. Vaughn, a codefendant, regarding the dangers of dual representation. The court questioned both defendants as well as their attorney extensively regarding a potential conflict of interest in this case. Specifically, after determining that movant was competent to understand the waiver of a conflict-free attorney, movant acknowledged that he wished to waive that right. Subsequently, following the denial of movant's motion to suppress evidence, the Honorable Howell Cobb, District Judge, revisited the issue of a potential conflict of interest. Once again, any potential conflict of interest was waived by movant. Therefore, there was a valid waiver of a conflict-free attorney.

Even absent waiver, Jenkins would not be entitled to relief. A defendant must show more than speculative or potential conflict. *United States v. Infante,* 404 F.3d 376, 391 (5th Cir. 2005). Jenkins makes no showing of an actual conflict of interest, nor has he shown that the supposed conflict adversely affected his trial counsel's performance.

Other Arguments

The record in this case indicates that movant's plea was voluntary and informed and based on a sufficient factual basis. Movant does not allege or offer any proof that he would have not pleaded guilty without his agreement to the factual basis and would have insisted on going to trial. Further, movant has failed to show cause or prejudice for failing to raise his claims on appeal, or that counsel's performance was deficient or that he was prejudiced by the alleged deficient performance of counsel either prior to pleading guilty, at sentencing, or on appeal. Therefore, the court remains

skeptical, as was the magistrate judge, that movant's remaining claims need be addressed on their merits. Nevertheless, out of an abundance of caution, those claims are examined below.

*Conditional Plea*

Movant alleges he was never apprised of what was meant by a conditional plea by the court or by counsel. However, the plea agreement signed by movant details that the agreement was for a conditional plea, in accordance with Federal Rule of Criminal Procedure 11(a)(2). The plea agreement further explained that movant retained the right to appeal the denial of his Motion to Suppress Evidence heard before the court on October 1, 2001. Additionally, before taking his plea, the court explained to movant that his plea was conditional and he would be allowed to appeal his ruling in the suppression hearing. Finally, movant testified at the plea hearing that he had read and discussed the plea agreement with his attorney before he signed it and that he understood the terms of the plea agreement, then the conditional nature of the plea was again explained by the court. Movant's conclusory and wholly self-serving allegation to the contrary is without merit. *See United States v. Flores*, 135 F.3d 1000, 1008 (5th Cir. 1998).

*Ineffective Assistance of Counsel*

When addressing the issue of what a petitioner must prove to demonstrate an actual ineffective assistance of counsel claim, courts look to the standard set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052 (1984). *United States v. Grammas*, 376 F.3d 433, 436 (5th Cir. 2004). In order to show that counsel was ineffective a petitioner must demonstrate:

> first... that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result

is reliable. Unless a defendant makes both showings it cannot be said that the
conviction or death sentence resulted in a breakdown of the adversarial process that
renders the result unreliable.

*Strickland,* 466 U.S. at 687. In order to demonstrate the second prong of the above-stated test, a petitioner must demonstrate that counsel's deficient performance so prejudiced the defense that petitioner was denied a fair and reliable trial. *Lockhart v. Fretwell,* 506 U.S. 364 (1993). A reviewing court "must strongly presume that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy." *Wilkerson v. Collins,* 950 F.2d 1054, 1065 (5th Cir. 1992).

The burden of proof in a habeas corpus proceeding attacking the effectiveness of trial counsel is upon petitioner, who must demonstrate counsel's ineffectiveness by a preponderance of the evidence. *Martin v. Maggio,* 711 F.2d 1273 (5th Cir. 1983). In determining the merits of an alleged Sixth Amendment violation, a court "must be highly deferential" to counsel's conduct. *Strickland,* 466 U.S. at 687.

Whether representation was deficient is determined as measured against an objective standard of reasonableness. *Kitchens v. Johnson*, 190 F.3d 698, 701 (5th Cir.1999). "A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *United States v. Jones*, 287 F.3d 325, 331 (5th Cir.2002)(quoting *Garland v. Maggio*, 717 F.2d 199, 206 (5th Cir.1983)).

1. At the Suppression Hearing

Movant claims counsel was ineffective for failing to adequately investigate, to call critical witnesses to testify at the suppression hearing, and to hire an investigator to investigate falsehoods by law enforcement officers. Additionally, in his Memorandum Brief in Support of Motion, movant claims counsel was ineffective for failing to allow him to testify in his own behalf.

A driver who lacks either a property or possessory interest in an automobile does not have standing to challenge the search of the automobile as violating the Fourth Amendment. *United States v. Riazco*, 91 F.3d 752, 754-55 (5th Cir. 1996). Movant's motion to suppress was overruled on the basis that movant had no standing to object to the search of the vehicle. This finding was affirmed by the Fifth Circuit Court of Appeals. *United States v. Jenkins*, No. 02-40740 (5th Cir. Oct. 31, 2002) (unpublished).

Movant was driving the vehicle when the defendants were stopped by police. The vehicle was rented to Sandra Ardoin, and the only additional driver listed on the paperwork was co-defendant, Shamika Vaughns, the backseat passenger in the vehicle at the time of the stop.

Movant has failed to proffer any additional evidence which would have provided a different outcome in the suppression hearing. While movant claims he could have told how the search was conducted improperly from his own perspective, he fails to allege that he or anyone else could have provided information showing that he had a possessory or property interest in the car. Moreover, movant fails to assert that he specifically informed counsel he wished to testify in his own behalf, and was denied that opportunity by counsel. Again, movant's claim is without merit because movant has failed to show either deficient performance or prejudice.

2. At Sentencing

Movant contends counsel provided ineffective assistance during sentencing by failing to "convince" him of the importance of acceptance of responsibility, which movant presupposes to have caused him not to get either a three level decrease in his offense level for acceptance of responsibility or a downward departure for substantial assistance under Section 5K1.1 of the United States Sentencing Guidelines. Movant further asserts that counsel was ineffective for failing to challenge

the drug quantity and for failing to explain the benefits of cooperating with the Government in order to possibly receive a downward departure. These contentions are discussed in order:

### a. Acceptance of Responsibility

Movant was denied an adjustment for acceptance of responsibility based on three positive urine screens during the time he was released on pre-trial release and the time of his sentencing. The court found that movant did not exhibit conduct consistent with that of a defendant who has sincerely accepted full responsibility for his actions. Upon reconsideration, the court agreed to permit movant a two level reduction if he would admit his involvement in the offense. However, movant again denied his involvement. Accordingly, movant was not entitled to a reduction for acceptance of responsibility.

Further, counsel stated on the record – without contradiction by movant – that he had discussed the issue with movant. Additionally, counsel filed an objection to the Pre-Sentence Report ("PSR") and asked the court to grant acceptance of responsibility to movant despite his three positive urine screens. Finally, in his "Declaration," movant states that his attorney did explain what would be needed to cooperate with law enforcement but that he never had any intention to cooperate with the Government. Accordingly, movant did not qualify for a reduction based on acceptance of responsibility, and he fails to show either deficient performance by counsel or ensuant prejudice related to this claim.

### b. Drug Quantity

Movant alleges that trial counsel made no argument as to movant's relative culpability as to drug quantity, and the court made no individualized findings as to movant. At sentencing, the court made specific findings based upon a preponderance of the evidence as to the accuracy of the PSR.

The court specifically concluded that the PSR contained sufficient indicia of reliability as to drug quantities, and then applied the PSR findings to all three defendants equally.

Movant has failed to raise any argument that his counsel could have raised that would have changed the court's specific finding of culpability. Thus, movant has failed to show either deficient performance or prejudice related to this claim.

    c. *Substantial Assistance*

As noted above, movant concedes that his attorney explained what would be needed to cooperate with law enforcement, and also acknowledges that he never intended to cooperate with the Government. Accordingly, movant did not provide substantial assistance, and had no intention of doing so. In any event, a reduction for substantial assistance is made only upon motion by the government, and there is no indication the government would have moved for such reduction in movant's case. Again, movant has failed to show either deficient performance or prejudice related to this claim.

  3. On Appeal

Movant asserts that his appellate counsel, who was also his trial counsel, was ineffective during his direct appeal by failing to raise an issue asserting error in the trial court's denial of movant's "Motion to Dismiss in Violation of the Speedy Trial Act", and by failing to preserve movant's appeal to the Supreme Court.

To prove deficient performance of appellate counsel, movant must show that counsel's failure to raise the appeal argument "fell below an objective standard of reasonableness." *Jones v. Jones*, 163 F.3d 285, 300 (5th Cir. 1998). Appellate counsel need not raise every nonfrivolous ground of appeal available." *Green v. Johnson*, 160 F.3d 1029, 1043 (5th Cir. 1998).

In this case, movant signed a plea agreement wherein he waived all right to appeal any issue other than the denial of the Motion to Suppress. Therefore, an appeal on a speedy trial issue was waived, and the failure of counsel to raise the issue was neither deficient conduct nor did it result in any prejudice to movant. Accordingly, movant's claim should be denied.

## Conclusion

For reasons stated in the magistrate judge's report and the additional reasons stated herein, the motion to vacate, set aside or correct sentence is without merit and shall be denied.

## O R D E R

Movant's objections, except as partially sustained above, are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge, except as noted, are correct, and the report of the magistrate judge is **ADOPTED**.

A final judgment will be entered in this case in accordance with the magistrate judge's recommendation and the additional findings and conclusions herein.

So **ORDERED** and **SIGNED** this **28** day of **March, 2007.**

_____
Ron Clark, United States District Judge